MACKIE WOLF ZIENTZ & MANN, P.C.
Stephen Wu
PARKWAY OFFICE CENTER, SUITE 900
14160 DALLAS PARKWAY
DALLAS, TX 75254
(214) 635-2650
(214) 635-2686 – FACSIMILE

## UNITED STATES BANKRUPTCY COURT
## IN THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: Cortez Renard Thomas, Sr | § § § | Case No. 21-31605-sgj13 (Chapter 13) |
| Carvana, LLC, their successors and/or assigns, Creditor | § § § § | |
| vs. | § § | |
| Cortez Renard Thomas, Sr, Debtor and Thomas Powers, Trustee, Respondents | § § § § | |

### OBJECTION TO CONFIRMATION BY CARVANA, LLC

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Carvana, LLC (hereinafter Creditor), a secured creditor herein, and pursuant to 11 U.S.C. §§ 1322(b)(2), 1324 and 1325(a)(5), and Bankruptcy Rule 3015(f) files this, its Objection to Debtor(s) proposed Chapter 13 Plan (hereinafter Plan), and in support thereof would respectfully show the Court as follows:

### I. BACKGROUND

1. Cortez Renard Thomas, Sr, the Debtor(s) (hereinafter Debtor), commenced the above captioned Chapter 13 case on 09/06/2021. Thomas Powers is the duly appointed and acting Chapter 13 Trustee.

2. Creditor has a perfected purchase money security interest in a 2015 Jeep Compass 4WD, VIN# 1C4NJDEB8FD272009.

3. The total secured claim due and owing to Creditor as of the Petition Date was $14,507.22 as evidenced by Creditor's secured proof of claim 8-2 (hereinafter Proof of Claim) on file in this

case.

## II. OBJECTION TO PROPOSED PLAN

4.   Creditor objects to confirmation of the Plan because the Plan understates the value of the vehicle.  Debtor(s) Plan incorrectly states the value is $12,000.00, when Creditor shows the NADA clean retail value to be $16,150.00.  Creditor therefore requests the Plan pay its claim as the value is higher than the claim.  Creditor also objects because it is also entitled to set and equal monthly payments pursuant to 11 U.S.C. §1325(a)(5)(B)(iii)(I), beginning as of the effective date of the Chapter 13 Plan.  "Average" payments, "pro-rata" payments, variable payments and/or step payments that begin in any month other than month one contravenes 11 U.S.C. §1325(a)(5)(B)(iii)(I) which requires equal and set monthly payments to the Creditor beginning in month one of the Chapter 13 Plan, which is defined as the first month payment is due to the Trustee pursuant to 11 U.S.C. §1326(a)(1).

5.   Debtor's plan also proposes to pay interest on Secured Creditor's claim at 4.25 %.  In *Till v. SCS Credit Corp., Till v. SCS Credit Corp*. 541 U.S. 465; 124 S.Ct. 1951 (2004), the Supreme Court utilized the "formula approach" to determine the proper rate of interest.  This approach, outside of Bankruptcy, looks to ordinary lending practices and the national prime rate, which reflects the financial market's estimate of the amount a commercial bank would charge a creditworthy commercial borrower to compensate for the loan's opportunity costs, the inflation risk, and the relatively slight default risk.  The Supreme Court has decided that a bankruptcy court is then required to adjust this to account for the greater nonpayment risk that bankrupt debtors typically pose.  In order to determine the appropriate risk adjustment, factors such as the estate's circumstances, the security's nature, and the reorganization Plan's duration and feasibility must be analyzed.  The Courts routinely add 2% to the national prime rate to accomplish such a risk adjustment.  The resulting interest rate in this case would be 5.25%.  The subject Plan does

not provide Objecting Secured Creditor with any appropriate interest rate based on an appropriate risk adjustment.

6. Because Creditor was forced to file this Objection to Confirmation to protect its secured interest in the subject real property, it has incurred reasonable attorneys' fees.

**WHEREFORE, PREMISES CONSIDERED**, Creditor prays that this Court deny confirmation of the Plan proposed by the Debtor(s), award attorneys' fees and costs, and grant Creditor such other and further relief, at law and in equity, as is just.

Respectfully submitted,

MACKIE WOLF ZIENTZ & MANN, P.C.
Parkway Office Center, Suite 900
14160 Dallas Parkway
Dallas, TX 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686
Email: swu@mwzmlaw.com

By: */s/ Stephen Wu*
Stephen Wu (Bar No. 24042396)

Michael W. Zientz (Bar No. 24003232)
Jessica L. Holt (Bar No. 24078680)
Stephen Wu (Bar No. 24042396)
Chelsea Schneider (Bar No. 24079820)

ATTORNEY FOR CREDITOR

**Certificate of Conference and Certificate of Service**

      The undersigned hereby certifies that on October 14, 2021 Creditor`s Counsel attempted at least once to contact Debtor`s Counsel by e-mail regarding the Objection, and Debtor`s Counsel advised she was opposed to the basis of the Objection. Furthermore, I hereby certify that a copy of this objection was served on the persons listed below in the manner indicated on October 20, 2021.

By: */s/ Stephen Wu*

Michael W. Zientz (Bar No. 24003232)
Jessica L. Holt (Bar No. 24078680)
Stephen Wu (Bar No. 24042396)
Chelsea Schneider (Bar No. 24079820)
Movant's Counsel

Via Pre-Paid U.S. Mail:
Cortez Renard Thomas, Sr
1402 Whitney Dr.
Garland, TX 75040
Debtor(s)

Via ECF:
Christopher Marvin Lee
8701 Bedford Euless Road
Suite 510
Hurst, TX 76053
Attorney for Debtor(s)

Via ECF:
Thomas Powers
Chapter 13 Trustee
105 Decker Court, Ste 1150
Irving, TX 75062

Via ECF:
US Trustee